176 So. 827

## HANNAH et al. v. STATE.

### 8 Div. 365.

Court of Appeals of Alabama.

Nov. 9, 1937.

Henry D. Jones, of Florence, for appellants.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

At the November, 1935, term of the circuit court of Lauderdale county, the grand jury returned a separate indictment against each of these two appellants, identical in form and substance, and charged them with the offenses of distilling, making, or manufacturing, alcoholic, spirituous, or malted liquors, a part of which was alcohol, in the first count; and in the second count with the offense of unlawfully possessing a still, etc., to be used for that purpose. The two counts in each of the indictments were in proper form and substance.

At the March term, 1936, of said court these two appellants were jointly tried, by agreement, upon said indictments, and separate verdicts were returned by the jury finding the two defendants guilty as charged in the second count of each indictment. They were each duly and legally sentenced by the court to serve an indeterminate term of not less than one year and one day, nor more than eighteen months and one day. Judgment of conviction was pronounced and entered, from which this appeal was taken.

Upon the trial but few exceptions were reserved to the rulings of the court upon the admission of the testimony. These exceptions are each and all so clearly without merit they need not be discussed, except to say no error appears in any of the rulings of the court in this connection.

The case, as to both defendants, rested upon a question of fact which was raised by requesting the affirmative charge as to each defendant, and the refusal of the court to give said charges. In this, the court committed no error, as the evidence was in conflict, thereby presenting a jury question and rendered said charges inapt.

The evidence for the State consisted of the testimony of three witnesses, two of whom testified they were officers of the law in said county and had been for many years. The State's evidence of said three witnesses tended to show that they concealed themselves in close proximity to the still on the morning in question, and, after waiting for some time, saw these two appellants start to work at the still, which was a complete outfit in every respect, by emptying old slop from the boiler, or still proper, and refill same with beer which was "ready to run." The officers arrested these defendants.

The testimony of the accused men tended to show they were present at the still, but they did no work at the still and had no connection with or interest in the still.

As stated, the foregoing evidence being in conflict made a jury question, and this court is of the opinion that the evidence adduced was ample to support the verdict of the jury as to each defendant, and to sustain the two judgments of conviction from which this appeal was taken.

The motion for a new trial was properly overruled, as nothing was offered in support of the motion to authorize or justify the trial judge to grant the same.

No error appearing, the judgment of conviction as to both of the appellants will stand affirmed.

Affirmed.